UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL J. DIBBLE,

      Plaintiff,

v.                                                                            Case No. 1:06-CV-179

COMMISSIONER OF SOCIAL                                    HON. GORDON J. QUIST
SECURITY,

      Defendant.

_____/


## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and
Recommendation issued on January 10, 2007.   In his report and recommendation, the magistrate
judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff was not
disabled because Plaintiff's residual functional capacity enabled him to perform a range of sedentary
work, including a significant number of jobs in the national economy, was supported by substantial
evidence.  In particular, the magistrate judge concluded that the ALJ did not err by finding that
Plaintiff's back condition did not meet or equal Listing 1.04 A or Listing 1.04 C.  He further found
that the ALJ did not fail to give adequate weight to the opinion of Plaintiff's treating family
physician, Dr. Davis.  The magistrate judge noted that the ALJ gave "good reasons" for declining
to give more significant weight to Dr. Davis' opinion, including that much of Dr. Davis' comments
were qualified by his assertions that he lacked sufficient information and that it was too early in
Plaintiff's treatment for him to provide sufficient findings on Plaintiff's medical condition.  Finally,
the magistrate judge concluded that the ALJ did not err by failing to give greater weight to the
opinions of a physical therapist who performed a functional capacity assessment for Plaintiff.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff first contends that the ALJ erred in concluding that Plaintiff's back condition did not meet or equal Listing 1.04A or 1.04C.  He points to findings of low back stiffness, pain in buttocks, and pain and numbness down the right leg by Dr. Malcheff, a chiropractor who treated Plaintiff.  He also cites examination reports by Dr. Sullivan and Dr. Bassett and their observations and findings in those reports as proof of neurological deficits that support a finding that Plaintiff's condition meets Listing 1.04A.  With regard to Listing 1.04C, Plaintiff posits that the ALJ and Dr. Alanson Mason, M.D., the medical expert (ME), did not have all of the medical evidence before them.

The Court rejects both of these arguments.  First, the ALJ relied upon the testimony of Dr. Mason, a board certified orthopedic surgeon, in concluding that Plaintiff's condition did not meet the requirements for either Listing 1.04A or 1.04C.  Dr. Mason testified that Plaintiff did not meet the requirements of either Listing due to a lack of neurologic findings.  With regard to Drs. Sullivan and Bassett, Dr. Mason noted that they either made no neurologic findings or found no significant neurologic changes.  Dr. Mason also noted that Bharti Sachdav, M.D., the state examining physician, found no neurological deficits and no asymmetry of strength or reflexes in his examination of Plaintiff.  Furthermore, as the magistrate judge noted, neither Dr. Sullivan nor Dr. Bassett, nor any other treating or examining physician, determined whether there were sufficient neurologic findings to meet the listing.  Finally, with regard to Listing 1.04C, it was undisputed that Plaintiff's use of a cane was not prescribed by a doctor, and no medical source opined that Plaintiff could not ambulate effectively as defined by 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00B(2)(b).  Therefore, the ALJ's finding on this issue was supported by substantial evidence.  Second, with regard to Plaintiff's

argument that the ME and the ALJ did not have and consider all of the medical evidence, Plaintiff failed to present this argument to the magistrate judge and, therefore, waived it. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (holding that a party's failure to raise an argument before a magistrate judge constitutes waiver of that argument before the district court, in spite of the de novo review permitted under the Magistrate Judge Act). Apart from waiver, however, the argument fails because the administrative record shows that the ME reviewed all of the evidence that Plaintiff cites in his objections and that the ALJ, as well as Plaintiff's counsel, questioned the ME about that evidence.

Plaintiff next argues that the Court should remand the proceeding to permit a new ALJ to consider an opinion by Dr. Davis, Plaintiff's treating physician, which he rendered two months after the ALJ issued her decision. The Court agrees with the Commissioner that Plaintiff waived this argument by failing to present it to the magistrate judge. Apart from waiver, however, this Court is precluded from considering this evidence for purposes of its substantial evidence review. *See Templeton v. Comm'r Soc. Sec.*, No. 06-5545, 2007 WL 413906, at *5 (6th Cir. Feb. 8, 2007). In addition, Plaintiff has failed to show that Dr. Davis' new opinion supports a remand. In order to support a remand under sentence six of 42 U.S.C. § 405(g), evidence must be material, that is, it must be such that "there is a reasonable probability that the ALJ would have reached a different decision had the additional evidence been presented." *Id.* Plaintiff has not presented any reason why the ALJ would choose to give Dr. Davis' later opinion greater weight than the opinion of the ME. Because Plaintiff apparently concedes that the magistrate judge had good reasons for giving Dr. Davis' July 2005 opinion little weight, Plaintiff's second argument must fail.

Finally, Plaintiff contends that the magistrate judge improperly concluded that the ALJ did not err in giving greater weight to the opinions of a physical therapist who conducted a 3-hour functional capacity assessment. In support of his argument, Plaintiff contends that the ALJ failed

to comply with SSR 06-03p, which requires that greater weight be given to non-medical sources than the ALJ gave to therapist Essex's opinions. As with many of Plaintiff's other arguments, Plaintiff failed to raise this argument before the magistrate judge and, therefore, it may be deemed waived. Beyond waiver, however, as the Commissioner notes, the ALR issued her decision almost a full year before SSR 06-03p was adopted. Thus, the Court may not consider SSR 06-03p in reviewing the ALJ's decision. Finally, even if the rule applied, the Court cannot conclude that the ALJ's decision to accept the opinion of Dr. Mason, an orthopedic surgeon with expertise in the type of impairment from which Plaintiff suffers, over that of a physical therapist, was erroneous, even though the physical therapist examined Plaintiff. Plaintiff simply fails to cite any sufficient reason to conclude that the ALJ should have rejected Dr. Mason's opinion in favor of physical therapist Essex's opinion. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 10, 2007 (docket no. 12), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.

Dated: March 16, 2007                              /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

4